IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

SENTRY SELECT INSURANCE COMPANY,

    Plaintiff,

vs.                                               Cause No. 08-4254-CV-C-NKL

JAMES "STAN" HOSMER, JAMES
DUCKWORTH AND NANCY DUCKWORTH,

    Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Sentry Select Insurance Company, by its attorneys, pursuant to FRCP 57 and 28 U.S.C. § 2201 pleads as follows:

### JURISDICTION AND PARTIES

1.     Sentry Select Insurance Company (hereinafter "Sentry") is an insurance company incorporated under the laws of the State of Wisconsin with its principal place of business at 1800 North Point Drive, Stevens, Point, Wisconsin. It is duly authorized to issue policies of insurance in the State of Kentucky.

2.     Upon information and belief Defendant, James "Stan" Hosmer ("Hosmer"), is a citizen of the State of Alabama residing in Tuscaloosa, Alabama.

3.     Upon information and belief Defendant, James Duckworth, is a citizen of the State of Missouri, and a resident of Camden County, Missouri.

4.     Upon information and belief Defendant, Nancy Duckworth, is a citizen of the State of Missouri, and a resident of Camden County, Missouri.

5. Each of the aforementioned parties has a claim or interest that would be affected by any declaration made by this Court.

6. There is a diversity of citizenship between the above-named parties and, therefore, this court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. The matter in controversy exceeds, exclusive of interest and costs, the sum of $75,000.

7. There is a current case or controversy between the parties to this action. This complaint for declaratory judgment is initiated pursuant to Rule 57 of the Federal Rules of Civil Procedure, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 to obtain a declaration of Sentry's legal obligations under the Policy issued to Cands, Inc. and Sentry's legal obligations pursuant to its previous settlement with James and Nancy Duckworth.

## FACTUAL BACKGROUND

### The Policy

8. Sentry issued Policy No. CT750612-3603-041 to Cands, Inc. ("Cands"), located at 2020 Hoover Boulevard, Frankfort, Kentucky 40603, for the period of May 19, 2004 to May 19, 2005 (hereinafter the "Policy"). A true and correct copy of the Policy is attached hereto as Exhibit A.

9. The Policy contains Commercial Liability Coverage, Commercial Auto Coverage and Commercial Inland Marine Coverage.

10. The limits of liability for Commercial Auto Coverage, as designated in the Declarations page, are $1,000,000.

11. The Commercial Auto portion of the Policy, designated as "Truckers Coverage Form," provides, in relevant part:

**SECTION II – LIABILITY COVERAGE**

**A. Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

\* \* \*

…. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

\* \* \*

**B.** **Exclusions**

This insurance does not apply to any of the following:

\* \* \*

    **2.** **Contractual**

        Liability assumed under any contract or agreement. But this exclusion does not apply to liability for damages:

        a. Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

        b. That the "insured" would have in the absence of the contract or agreement.

The Policy definition of "insured contract" includes:

\* \* \*

        6. That part of any contract or agreement, entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", of any "auto". However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or anyone of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

        An insured contract does not include that part of any contract or agreement:

\* \* \*

(c) That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

* * *

C. **Limit of Insurance**

Regardless of the number of covered "autos", "insureds" premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages ... resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

(Truckers Coverage Form, Form CA 00 12 10 01, pp. 2, 4, 6, 12).

**The Underlying Actions**

a. *Duckworth v. Burleson*

12. Nancy Duckworth, on behalf of herself and as conservator for James Duckworth, filed an action against Mark A. Burleson ("Burleson") and Cands in the Circuit Court of the City of St. Louis, State of Missouri, Case No. 052-8173 (referred to herein as "the *Duckworth v. Burleson* action"), arising from injuries allegedly sustained by James Duckworth on November 26, 2004 in a vehicle collision with a truck driven by Burleson.

13. The truck driven by Burleson was owned by Hosmer and leased to Cands. Cands is engaged in the business of transporting property by truck for hire and is duly authorized to serve by public authority.

14. Pursuant to the terms, conditions and exclusions in the Policy, Sentry provided a defense to Cands and Burleson in the *Duckworth v. Burleson* action.

15. The parties entered into settlement of the *Duckworth v. Burleson* action on or about April 26, 2007. A true and correct copy of the documents executed pursuant to the settlement (referred to herein as "the Settlement Documents") are attached hereto as Exhibit B.

16. Pursuant to the terms of the settlement, Sentry paid $748,379.85 to Nancy Duckworth as guardian and conservator of James Duckworth, and $249,459.95 to Nancy Duckworth individually, for a total of $997,839.80, which amount was the total remaining limits on the Commercial Auto Coverage in the Policy.

17. Pursuant to the terms of the settlement, the Duckworths released Sentry from "any and all liability, claims, demands, loss of consortium, actions, causes of action or pretended causes of action," including any claims that may accrue subsequent to execution of the settlement documents, arising out of the November 16, 2004 vehicle accident between James Duckworth and Burleson.

18. The parties consented to a judgment entered on April 26, 2007 in favor of James Duckworth in the amount of $8,000,000 and in favor of Nancy Duckworth in the amount of $2,500,000.

19. Pursuant to the terms of the settlement, the Duckworths agreed not to "levy execution, by garnishment or as otherwise provided by law, against the real or personal property ... of Mark Burleson as to any judgment which may be obtained by them against Mark Burleson arising out of the accident of November 16, 2004." (Ex. B, Contract to Limit Recovery Pursuant to Missouri Revised Statute Section 537.065, ¶ 1).

20. Pursuant to the terms of the settlement, the Duckworths did not release or discharge or settle any claim arising from the November 16, 2004 accident against "other insurers." (Ex. B, Contract to Limit Recovery Pursuant to Missouri Revised Statute Section 537.065, ¶ 2).

21. Pursuant to the terms of the settlement, the Duckworths agreed to limit collection of the judgment against Burleson to persons, entities and insurance companies other than

403398:694:5001.1219:10/15/2008                 5
Case 2:08-cv-04254-NKL   Document 1   Filed 10/15/08   Page 5 of 10

Burleson, Cands and Sentry. (Ex. B, Contract to Limit Recovery Pursuant to Missouri Revised Statute Section 537.065, ¶ 4).

22. Pursuant to the terms of the settlement, Burleson assigned to the Duckworths 90% of any cause of action Burleson may have against any insurance company other than Sentry "arising out of such insurance companies [sic] denial of coverage, refusal to defend, and failure to settle or make reasonable settlement offer." (Ex. B, Contract to Limit Recovery Pursuant to Missouri Revised Statute Section 537.065, ¶ 8).

### b. *Duckworth v. Hosmer*

23. On or about November 30, 2007, James and Nancy Duckworth filed an action in the United States District Court for the Western District of Missouri, Case No. 07-4247-CV-NKL (originally given Case NO. 07-4247-CV-C-WAK and referred to herein as the *Duckworth v. Hosmer* action). A true and correct copy of the *Duckworth v. Hosmer* Complaint is attached hereto as Exhibit C.

24. In that action, the Duckworths contend that Hosmer entered into an indemnity contract to indemnify and hold harmless Cands for damage caused by negligent acts of Cands or its employees.

25. The Duckworths further contend that Hosmer supplied Burleson, a commercial motor vehicle driver, to Cands to operate a truck owned by Hosmer and, further, that Burleson's negligence in operating the truck resulted in damages to the Duckworths.

26. The Duckworths further contend that Hosmer, "as indemnitor of CANDS, Inc., is bound to indemnify agents and employees of CANDS, Inc. ... ."

27. The Duckworths further contend that they are judgment creditors of Burleson and intended third party beneficiaries of the indemnity agreement. As such, they contend that they are entitled to enforce the indemnity agreement against Hosmer.

28. Hosmer contends that Sentry has an obligation to defend and indemnify him with respect to the claims alleged in the *Duckworth v. Hosmer* action.

29. By payment of $1,000,000 in settlement of the claim asserted by the Duckworths against Burleson and Cands, Sentry has no further obligation to indemnify any insured for any claim that arises from the facts alleged in the *Duckworth v. Burleson* action. Because Sentry has no further indemnity obligation, it does not have any obligation to provide a defense to Hosmer in the *Duckworth v. Hosmer* action.

30. In addition, the Policy expressly excludes coverage for liability assumed by an insured under contract. Because the Duckworths allege that Hosmer agreed to indemnify and hold harmless Cands, the exclusion for contractual liability precludes any duty by Sentry to defend or indemnify Hosmer.

31. Notwithstanding the lack of any duty to defend or indemnify, Sentry offered to provide a defense to Hosmer, subject to Sentry's reservation of rights under the terms and conditions of the Policy. Hosmer has refused to accept Sentry's offer to defend him under a reservation of rights, even if Sentry paid counsel of Hosmer's choosing.

32. Accordingly, there is a current case or controversy between the parties to this action.

403398:694:5001.1219:10/15/2008                    7
Case 2:08-cv-04254-NKL   Document 1   Filed 10/15/08   Page 7 of 10

## FIRST CLAIM FOR RELIEF

33. Sentry realleges and incorporates by reference paragraphs 1 through 32.

34. An actual controversy has arisen between Sentry, on the one hand, and Hosmer and the Duckworths, on the other hand, as to whether Sentry has any obligation to pay any further benefits under the Policies.

35. Hosmer contends that Sentry is obligated to provide a defense without reservation and to indemnify any judgment obtained in the *Duckworth v. Hosmer* Action.

36. Sentry contends that in accordance with the terms and conditions of the Policy, it does not have any obligation to defend or indemnify Hosmer.

37. As set forth in the Policy, Sentry's obligation to indemnify any insured for the claim asserted by the Duckworths is limited by the Policy limits.

38. In addition, Sentry does not have any duty to defend or indemnify Hosmer because the Policy specifically excludes coverage for liability assumed by contract.

39. A judicial declaration is necessary and appropriate at this time so that Sentry, Hosmer and Duckworth may ascertain their rights and duties under the Policies.

WHEREFORE, Sentry demands judgment as follows:

    A. For a declaration that the Policy issued by Sentry does not provide any duty to defend or indemnify any insured, including but not limited to Hosmer, for the claims arising out of the *Duckworth v. Hosmer* action;

    B. For its costs and disbursements arising out of this action as provided by law; and

    C. For such other and further relief as the Court deems just and equitable.

## SECOND CLAIM FOR RELIEF

40. Sentry realleges and incorporates by reference paragraphs 1 through 39.

41. Duckworth entered into a settlement with Cands and Burleson, as evidenced by the Settlement Documents. Among other things, Duckworth released Sentry from any further claims or demands arising from the *Duckworth v. Burleson* action.

42. Sentry contends that in accordance with the terms of the Settlement Documents, it has no further obligation to Duckworth.

43. A judicial determination is necessary and appropriate at this time so that Sentry and the Duckworths may ascertain their obligations under the terms of the Settlement Documents.

WHEREFORE, Sentry demands judgment as follows:

    A. For a declaration that Sentry has no obligation to the Duckworths for any claims arising from the November 16, 2004 incident pursuant to the Settlement Documents;

    B. For its costs and disbursements arising out of this action as provided by law; and

    C. For such other and further relief as the Court deems just and equitable.

Dated: October 15, 2008.

SANDBERG, PHOENIX & von GONTARD, P.C.

By:   /s/ Stephen M. Strum
      Stephen M. Strum, #37133
      Aaron D. French, #57059
      One City Centre, 15th Floor
      St. Louis, MO 63101-1880
      314-231-332
      314-241-7604 (fax)
      E-mail: sstrum@spvg.com
            afrench@spvg.com

Attorneys for Plaintiff
SENTRY SELECT INSURANCE COMPANY