IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY, ) ) ) | |
| Plaintiff, ) ) ) | Case No. 08-4254-CV-C-NKL |
| v. ) ) | |
| JAMES "STAN" HOSMER, JAMES ) DUCKWORTH, AND NANCY ) DUCKWORTH, ) ) | |
| Defendants. ) | |

**O R D E R**

Plaintiff Sentry Select Insurance Company ("Sentry") brought this declaratory judgment action against Defendants James "Stan" Homser ("Hosmer") and James and Nancy Duckworth ("Duckworths") seeking a declaration that it had no duty to either defend Hosmer nor indemnify him as a result of a collision between James Duckworth and Mark A. Burleson. Defendant Hosmer filed a five count counterclaim against Sentry asserting claims for bad faith, negligent claims handling, breach of fiduciary duty, breach of contract, and "bad faith-punitive damages." [Doc. # 50]. Pending before the Court is Sentry's Motion to Dismiss Hosmer's Counterclaim [Doc. # 42].[1]

---

[1] At oral argument the parties stated they had no objection to the Court treating Sentry's motion as a motion to dismiss Hosmer's Counterclaim in his Second Amended Answer.

1

**I.     Background[2]**

Plaintiff Sentry issued an insurance policy (policy number CT750612-3603-041, hereinafter "the Policy") to CANDS, Inc. ("CANDS"), a trucking company. CANDS was the named insured under the Policy. Defendant Hosmer and Mark Burleson ("Burleson") were also insureds. The Policy was in effect from May 19, 2004 to May 19, 2005. Sentry was the claims administrators for any claims against the Policy. The Policy provided, in relevant part:

SECTION II – LIABILITY COVERAGE

A. Coverage
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."
. . . .
We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . . We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.
. . . .
C. Limit Of Insurance
Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages . . . combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

---

[2]The Court treats the allegations in Hosmer's Counterclaim as true for purposes of the Sentry's motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Exhibit A to Sentry's Complaint. The Policy's Declarations state that the most that Sentry will pay for any one accident or loss is $1,000,000. *Id.*

On November 26, 2004, Mark Burleson, while driving a tractor trailer owned by Hosmer and leased to CANDS, collided with a road grader driven by James Duckworth. James Duckworth sustained serious personal injuries. The Policy provided coverage to Hosmer for damages arising from the collision. It also provided coverage to Burleson and CANDS.

The first lawsuit involving the accident was *Duckworth v. Burleson*, a state case filed in St. Louis. On or about April 26, 2007, the Duckworths entered into a settlement agreement with Burleson pursuant to Section 537.065 of the Revised Statutes of Missouri. The same day, a state court judgment was entered against Burleson, finding that his negligence caused the Duckworths' injuries. The state court assessed damages against Burleson in the amounts of $8,000,000.00 for damages to James Duckworth and $2,500,000.00 for damages to Nancy Duckworth. Pursuant to that settlement Sentry paid out the one million dollar limit of its policy that insured Burleson, CANDS and Hosmer.

On or about November 30, 2007, the Duckworths filed an action in the United States District Court for the Western District of Missouri, Case Number 07-4247-CV-NKL. In that case, the Duckworths alleged that Hosmer had entered into an indemnity contract to indemnify and hold harmless Burleson for damages caused by Burleson's negligent acts as an employee of CANDS. The Duckworths made demand upon Hosmer to pay for the damages assessed against Burleson in *Duckworth v. Burleson*. Sentry was notified of the

3

action but concluded that the Policy did not provide coverage because the limit of the policy had been paid to settle *Duckworth v. Burleson*. Sentry sent a letter to that effect to Hosmer dated August 15, 2008. The letter further provided, in relevant part:

> Sentry hereby agrees to provide a defense to you in the [federal court action] subject to a full and complete reservation of Sentry's rights, including the right to dispute coverage.
> . . . .
> At this time, Sentry also intends to seek a judicial determination of Sentry's coverage obligations with respect to this matter. If it is determined the Policy does not provide coverage for the [federal court action], Sentry reserves the right to withdraw the defense. Further, Sentry reserves the right to seek reimbursement of any defense costs incurred in defending any claim that a court ultimately determines is not covered.

On March 16, 2009, judgment in *Duckworth v. Hosmer* was entered in federal court finding Hosmer liable to James and Nancy Duckworth on the indemnity agreement in the amount of $8,407,804.00 for James Duckworth and $2,608,946.00 for Nancy Duckworth, as well as costs and interest pursuant to 28 U.S.C. § 1961. Hosmer alleges this "judgment was a direct and foreseeable result of Sentry's failure to defend, indemnify and protect its insured" by refusing to settle for the full policy limits when the insurance company originally could have and therefore "Sentry is obligated to pay the full verdict" rendered against Hosmer.

Hosmer's Counterclaim contains five counts. In Count I, Hosmer alleges Sentry acted in bad faith by: (1) failing to settle the Duckworths' claims; (2) placing its own interest ahead of its insured in violation of its fiduciary obligations; (3) improperly settling, negotiating, or otherwise handling claims involving multiple insureds to Hosmer's detriment; (4) failing to

4

defend the claim brought against Hosmer; (5) refusing to properly investigate facts regarding Hosmer's potential financial exposure for the Duckworths' injuries and Hosmer's coverage for the accident; (6) taking actions not in Hosmer's best interest; (7) failing to recognize and meet fiduciary duties to Hosmer; (8) refusing coverage for Hosmer's claim without cause and in violation of the Policy; (9) failing to notify Hosmer of the settlement offer in the state court action so Hosmer could take action to protect his financial interests; (10) agreeing to settlements or other agreements to protect Sentry's financial interests or other insureds' interests without protecting Hosmer's interest; (11) failing to hire independent and separate counsel for Hosmer; and (12) exposing Hosmer to excess liability in order to avoid an excess judgment against Burleson.

In Count II, Hosmer alleges Sentry was negligent in that it: (1) failed to take action in Hosmer's best interest; (2) took action contrary to Hosmer's interest; (3) failed to meet the Duckworths' reasonable demands; (4) failed to properly investigate claims against Hosmer to determine his liability and financial exposure, as well as coverage; (5) failed to cooperate with the Duckworths to seek a resolution of the claim that would protect Hosmer; (6) failed to pay the full judgment against Hosmer; and (7) failed to notify Hosmer of the settlement offer in the state court action so that he could take action to protect his own financial interest.

In Count III, Hosmer alleges Sentry breached its fiduciary duties to him by: (1) failing to take action in his best interest; (2) taking action contrary to his interest; (3) failing to properly investigate the Duckworths' claim against him to determine his liability; (4) failing to meet the Duckworths' reasonable demands; (5) failing to settle the Duckworths' claims

5

for the policy limits when given the opportunity to do so; (6) attempting to settle claims against its insureds for sums less than the reasonable value of the claim; (7) failing to cooperate with the Duckworths to seek a resolution of the claim that would protect Hosmer; (8) failing to pay the full judgment entered against Hosmer; (9) refusing to defend and protect Hosmer and his interest; and (10) failing to notify Hosmer of the settlement offer in the state court action so that he could take action to protect his financial interest.

In Count IV of his Counterclaim, Hosmer alleges Sentry breached its insurance contract with him by: (1) failing to defend and protect him; and (2) failing to investigate, negotiate and settle the claims when given the opportunity to do so.

## II. Discussion

In reviewing Sentry's Rule 12(b)(6) motion to dismiss, the Court must view the allegations in the light most favorable to Hosmer. *See Kottschade v. City of Rochester*, 319 F.3d 1038, 1040 (8th Cir. 2003). In 2007 the Supreme Court issued a new standard for evaluating motions to dismiss under Federal Rule 12(b)(6) but cautioned that it had not created a heightened pleading standard. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562-63, 569 n.14 (2007) (finding that the well-known "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41 (1957), had "earned its retirement"). Under *Twombly*, for complaints to be viable they must contain enough facts to "nudge [them] across the line from conceivable to plausible." 550 U.S. at 570. The Supreme Court recently clarified the *Twombly* standard, stating that "threadbare allegations" and "the-defendant-unlawfully-harmed-me accusation[s]" are insufficient to survive a motion to dismiss and that district

courts should rely on their own "judicial experience and common sense" in making the "context-specific" determination of whether factual allegations make a right to relief plausible. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Without such factual allegations, "it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." *Twombly* at 554 n.3. That said, the factual allegations of a complaint are still presumed to be true and are construed in the light most favorable to the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable and that recovery is very remote or unlikely." *Id.* at 556 (quotation omitted). *But see Iqbal*, 129 S. Ct. at 1949 (clarifying that the presumption of truth and favorable construction applied to factual allegations does not apply to *legal* allegations).

### A. Governing Law

As an initial matter, in their briefing the parties disagree as to whether Missouri or Kentucky law applied to Hosmer's claims. In a diversity action, the Court must apply the choice of law principles of the state in which it sits. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Missouri uses the "most significant relationship" approach of the Second Restatement. *See Viacom, Inc. v. Transit Cas. Co.*, 138 S.W.3d 723, 725 (Mo. banc 2004). When determining choice of law issues in tort actions, Missouri courts consider the factors set out in Section 145 of the Second Restatement. *Goede v. Aerojet Gen. Corp.*, 143 S.W.3d 14, 24 (Mo. Ct. App. 2004) (citing *Kennedy v. Dixon*, 439 S.W.2d 173, 184) (Mo. banc 1969)). Under Section 145, the Court considers: "(a) the place where the injury

7

occurred, (b) the place where the conduct causing the injury occurred, (c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered." *Id.* at 26. With respect to the first of these factors, Hosmer's injuries all relate to litigation in state and federal courts located in Missouri; thus, any injury Hosmer suffered was suffered in Missouri. Second, for the same reason, the conduct causing the injuries occurred in Missouri. As for the third factor, Plaintiff Sentry is a company incorporated under the laws of Wisconsin with its principal place of business in Wisconsin, and authorized to issue insurance policies in Kentucky. Defendant Hosmer is a citizen of the State of Alabama. Finally, with respect to the fourth factor, Sentry issued its Policy to CANDS in Kentucky. Hosmer leased the truck driven by Burleson to CANDS which was engaged in the business of interstate trucking in multiple states. Based on these factors, the Court concludes that Missouri has the most significant and relevant contacts to Hosmer's tort claims, which relate to Sentry's actions or inactions with respect to litigation in Missouri. The only factor weighing in favor of Kentucky is the place where the insurance policy was issued. Given that it was issued to an interstate trucking company, the parties to that contract would be on notice that coverage disputes could arise outside the state of Kentucky. Therefore, the Court places less weight on this factor.

At oral argument on the motion to dismiss, the parties agreed that the Court would apply Missouri law to the breach of contract claim. The Court will apply Missouri law to all claims in ruling on Sentry's motion to dismiss.

8

### B. Count I - Hosmer's Bad Faith Claims

As to Count I, Sentry argues that Hosmer has failed to state a bad faith claim against Sentry for its conduct in either the *Duckworth v. Burleson* state case or the *Duckworth v. Hosmer* federal case.

#### 1. Bad Faith Failure to Defend

An insurer has a contractual duty to defend its insureds in good faith. Under Missouri law, an insurer's "duty to defend arises whenever there is a potential or possible liability to pay based on the facts at the outset of the case[.]" *McCormack Baron Mgmt. Servs. Inc. v. American Guar. & Liab. Ins. Co.*, 989 S.W.2d 168, 170 (Mo. banc 1999) (quoting *Butters v. City of Independence*, 513 S.W.2d 418, 424 (Mo. banc 1974)). An insurer's duty to defend its insured "arises when the insured is first sued[.]" *Esicorp, Inc. v. Liberty Mut. Ins. Co.*, 193 F.3d 966, 969 (8th Cir. 1999) (interpreting Missouri law).

Citing *Esicorp*, Sentry argues that it had no duty to defend Hosmer before he was sued, and that Hosmer was not a party to the *Duckworth v. Burleson* action; therefore, it owed him no duty of good faith in that action. Hosmer argues that Count I states a claim under Missouri law because an insurer has a duty to defend its insured, so long as facts either known to an insurer or which are reasonably discoverable by the insurer show that there is potential or possible coverage under the policy. Def.'s Sugg. in Opp. at 16 (citing *Truck Ins. Exchange v. Prairie Framing, LLC*, 162 S.W.3d 64, 83 (Mo. Ct. App. 2005). However, even in the *Truck Insurance Exchange* case, the insured was a named defendant in the underlying action. *Id.* at 69. Thus, that case stands not for the proposition that an insurer has a duty to

9

defend an insured that has not yet been sued, but that in determining whether an insurer has a duty to defend an insured that *has* been sued, facts known to or reasonably discoverable by the insurer should be considered along with the allegations in the pleadings. Because Hosmer was not sued in the *Duckworth v. Burleson* action, Sentry cannot have breached a duty to defend him in that case. Hosmer's claim in Count I based upon Sentry's failure to defend him in the *Duckworth v. Burleson* action must be dismissed.

Sentry argues that Hosmer cannot recover for any conduct related to the *Duckworth v. Hosmer* case because the policy limits had already been paid before that suit was filed. At oral argument, Hosmer acknowledged that the Policy's limits of $1 million were exhausted when Sentry paid out $997,839.80 in settlement of the *Duckworth v. Burleson* action on behalf of insureds other than Hosmer. Sentry argues that, pursuant to the Policy's terms, it had no duty to defend Hosmer in *Duckworth v. Hosmer* once the Policy limits were exhausted in a reasonable settlement of the earlier case.

In *Millers Mutual Insurance Association v. Shell Oil Company*, the Missouri Court of Appeals recognized that an insurer's settlement on behalf of one insured which exhausts policy limits may operate to extinguish the insurer's duty to defend other insureds. 959 S.W.2d 864, 870 (1997). In *Millers Mutual*, the plaintiff sued two of Millers Mutual's insureds. *Id.* at 865-866. The plaintiff then offered to settle only with respect to one of the insureds, rejecting Millers Mutual's offer to settle on behalf of both insureds. *Id.* at 866. Millers Mutual settled with respect to one insured for the policy limits, and then filed for a declaratory judgment that its duty to defend the non-settling insured had ceased with its

payment of the policy limits in settlement of claims against the settling insured. *Id.* The Missouri Court of Appeals stated that:

> Millers . . . should not be obligated to defend an additional insured after paying its limits in a reasonable settlement . . . . A settlement offer given to only one insured that would exhaust coverage under the liability limit of the policy creates a dilemma for the insurer. An insurer should not be precluded from accepting a reasonable settlement offer for fewer than all insureds. By accepting the offer the insurer would avoid being subjected to liability exceeding the policy limits due to its rejection of a reasonable offer. . . . Further, any settlement would benefit all insureds by decreasing the total amount of liability in the underlying suit.

*Id.* at 870. In *Millers Mutual*, the non-settling insured had agreed that the settlement reached by the insurer was reasonable under the circumstances. *Id.* at 866. The *Millers Mutual* court held that "an insurer relying on unambiguous policy language may terminate its duty to defend an additional insured when the policy limits are exhausted in a good faith settlement on behalf of the named insured." *Id.* at 872. If Sentry's settlement of the claims against Burleson in *Duckworth v. Burleson* was a reasonable, good faith settlement, then the exhaustion of the policy limits in settlement of that case terminated its duty to defend or indemnify Hosmer under the policy. However, the "reasonableness" and "good faith" of the settlement in the earlier case is a fact-intensive issue not appropriate for resolution on a motion to dismiss. Sentry's motion must be denied with respect to Hosmer's claim for Sentry's failure to defend him in the *Duckworth v. Hosmer* case.

### 2. Bad Faith Failure to Settle

Missouri law recognizes a tort claim for bad faith failure to settle. *See Freeman v. Leader Nat'l Ins. Co.*, 58 S.W.3d 590, 598 (Mo. Ct. App. 2001); *Zumwalt v. Utilities Ins. Co.*, 228 S.W.2d

11

750 (Mo. banc 1950). At oral argument, the parties disagreed as to whether this tort arises out of an insurer's duty to defend or its duty to indemnify, but regardless of its source, Missouri cases have established the requirements for this tort.

Missouri courts have held that "[a]n insurer under a liability policy has a fiduciary duty to its insured to evaluate and negotiate third-party claims in good faith." *Shobe v. Kelly*, 279 S.W.3d 203, 209 (Mo. Ct. App. 2009) (citing *Duncan v. Andrew County Mut. Ins. Co.*, 665 S.W.2d 13, 18 (Mo. Ct. App. 1983)). "Where [an insurer] wrongfully breaches this duty and refuses to settle within policy limits, the insurer may be held liable [under the tort of bad faith failure to settle] for resulting losses to the insured." *Id.* A claim for bad faith failure to settle under Missouri law requires four elements: (1) the insurer "has assumed control over negotiation, settlement, and legal proceedings against the insured; (2) the insured has demanded that the insurer settle the claim brought against the insured; (3) the insurer refuse[d] to settle the claim within the liability limits of the policy; and (4) in so refusing, the insurer act[ed] in bad faith." *Freeman*, 58 S.W.3d at 598. Where an insurer has refused to provide a defense to its insured, the first two elements above are not required, as the courts refuse to "reward [an insurer's] refusal to provide a defense by insulating it from a [bad faith failure to settle] claim." *Shobe*, 279 S.W.3d at 210.

With respect to the *Duckworth v. Burleson* action, Hosmer has pointed to no "legal proceedings" brought against him, since he was not a defendant in that case, and has not alleged that he demanded that Sentry settle a claim against him with respect to that lawsuit. As Hosmer points out, there is a Missouri case which appears to recognize a cause of action

12

for bad faith failure to settle even where the insured has not been sued, where an offer to settle claims against that insured is made prior to the initiation of legal proceedings, implying that legal proceedings against an insured is not a necessary element of the tort. *See Ganaway v. Shelter*, 795 S.W.2d 554, 557–561 (Mo. Ct. App. 1990) (bad faith failure to settle claim premised upon insurer's failure to settle prior to initiation of litigation against insured). However, even though the insured had not yet been sued in *Ganaway*, there had clearly been a claim against the insured and an offer to settle that claim. *Id.* Hosmer's counterclaim states, in relevant part:

> 74. On or about November 26, 2004 there was a vehicle collision involving a road grader driven by James Duckworth and a tractor being driven by Mark Burleson.
>
> . . . .
>
> 78. Sentry and/or its claim handlers and agents were notified of the incident, and were aware that claims were being made against its insureds arising out of the above referenced collision.
>
> 79. Sentry's insureds under the policy included CANDS, Inc., Mark Burleson and James "Stan" Hosmer.
>
> 80. Sentry was notified of an offer to settle claims as a result of injuries to the Duckworths' within the policy limits of coverage.
>
> 81. Following receipt of a demand to settle within the policy limits, Sentry refused to offer the policy limits for the protection of its insureds.

The counterclaim allegations do not state which insureds Sentry was notified of claims against, or which insureds were the subject of the offer to settle claims referenced in paragraph 80. However, at oral argument Hosmer's attorney indicated that there were two

13

settlement offers made to Sentry in the course of the *Duckworth v. Burleson* action, both of which involved claims against CANDS, Inc., and Burleson, but not Hosmer.[3] It appears there were no "legal proceedings" against Hosmer, no demand by Hosmer that Sentry settle any claim against him, and no offer of settlement with respect to a claim against Hosmer that would have been the subject of a refusal to settle in bad faith by Sentry. Thus, with respect to the *Duckworth v. Burleson* action, Hosmer's counterclaim fails to state a claim for bad faith failure to settle.

With respect to Hosmer's claim that Sentry acted in bad faith in failing to settle claims against him in the *Duckworth v. Hosmer* action, Sentry again argues that Hosmer cannot recover for Sentry's failure to settle on his behalf in *Duckworth v. Hosmer* because it had already paid the Policy limits of $1 million, extinguishing any duty to Hosmer, before that case was filed. As noted above, Sentry paid the Policy limits in the course of settling the earlier *Duckworth v. Burleson* action. Sentry argues that, pursuant to the Policy's terms, it had no duty to settle claims against Hosmer in the *Duckworth v. Hosmer* case once the Policy limits were exhausted in a good faith reasonable settlement of the claims against its other insureds in *Duckworth v. Burleson*, citing *Millers Mutual*. As explained above, the

---

[3]*See* Transcript of July 1, 2009 Oral Argument at 17–18 [Doc. # 62]. Hosmer's attorney stated: "[t]his insurer was given an opportunity . . . to settle all of the claims within the policy limits, and I understand there's some dispute about that, but I think the evidence will be that any extinguishment of the claim against Cands and Burleson extinguish the claims against Hosmer. Then they were given a second opportunity during the course of the litigation to extinguish all of these claims, and, again, did not take that[.]" Thus, the settlement offers were offers to settle claims against CANDS, Inc., and Burleson, but not Hosmer.

14

"reasonableness" and "good faith" of the settlement in the earlier case is a fact-intensive issue not appropriate for resolution on a motion to dismiss.

### C. Count II- Hosmer's Negligent Claims Handling Claim

In Count II, Hosmer alleges that Sentry owed him a duty "[p]ursuant to the contract of insurance". Counterclaim at ¶ 101. Hosmer further alleges that, in various respects, "Sentry acting through its agents and employees [was] negligent in fulfilling [its] duties of defense, claims handling, and settlement owed to Hosmer[.]" *Id.* at ¶ 103. Sentry argues that Count II of Hosmer's Counterclaim must be dismissed because Missouri courts do not recognize a cause of action based upon negligent claims handling.

In *Richey v. Philipp*, the plaintiff – brother of the insured – sued defendants, the insurer and its agent, for injuries he sustained allegedly as a result of the defendants' fraudulent misrepresentation, negligent misrepresentation, breach of fiduciary duty, and negligence. 259 S.W.3d 1, 5–6 (Mo. Ct. App. 2008). The insurer's agent had told the insured that her homeowner's insurance would not cover the removal of a tree limb from her roof. *Id.* at 6. The insured told her brother, the plaintiff, that her policy did not cover limb removal, and the plaintiff offered to help the insured with the limb removal. *Id.* In the process of removing the limb from the insured's roof, the limb knocked the plaintiff off of the roof, resulting in serious injuries to the plaintiff. *Id.* Defendants in *Richey* argued that "no tort remedy exists in Missouri for breach of an insurance contract and that the only remedy for wrongful denial of insurance coverage is a contract action." *Id.* at 7. The Missouri Court of Appeals noted that, in *Overcast v. Billings Mutual Insurance Company*,

15

the Missouri Supreme Court had held that "a tort claim may be brought against [an] insurer based on a bad faith refusal to settle a claim brought by a third party **and** when a claim is not based on the insurer's refusal to pay but is 'based on conduct quite distinct from conduct that merely constituted a breach of contract.'" *Id.* (quoting *Overcast v. Billings Mut. Ins. Co.*, 11 S.W.3d 62, 68 (Mo. banc 2000)) (emphasis added). The Court in *Overcast* had allowed a defamation claim against an insurer because it found that "the insured's tort claim for defamation was not dependent on the elements of the contract claim and that the denial of coverage was not part of the insured's defamation claim." *Id.* (citing *Overcast*, 11 S.W.3d at 68 n.6). The Court of Appeals in *Richey* distinguished *Overcast* and other cases on the basis that the plaintiff in *Richey* was not an insured, but rather a third party who was a stranger to the insurance contract. *Id.* The Court held that Richey could not "be limited in his remedies by a contract to which he was not a party for . . . injuries he may have suffered as a result of action by an insurance company or an insurance agent." *Id.* Therefore, the Court of Appeals rejected the defendants' argument that Richey, a non-insured, was limited to contractual causes of action. *Id.* at 7–8.

Thus, Missouri courts allow for tort claims by an insured against an insurer where: (1) the claim is for bad faith refusal to settle a claim brought by a third party; or (2) the claim is based on conduct distinct from conduct constituting a breach of the insurance contract. *Id.* at 7 (citing *Overcast*, 11 S.W.3d at 68).

In this case, Hosmer's negligent claims handling cause of action is based entirely on Sentry's breach of the Policy. Counterclaim at ¶ 102. Hosmer's claim relates to Sentry's

16

refusal to defend him and to settle claims against him pursuant to the Policy. Missouri courts would not recognize this negligence claim which is not a bad faith claim and which is not distinct from conduct which would constitute a breach of the Policy. Count II of Hosmer's Counterclaim must be dismissed.

### D. Count III - Breach of Fiduciary Duty Claim

Missouri courts have recognized insureds' claims for breaches of fiduciary duty against their insurers. *See Dairy Farmers of America, Inc. v. Travelers Ins. Co.*, 292 F.3d 567, 572 (8th Cir. 2002). Under Missouri law, a claim for breach of fiduciary duty requires "four elements: (1) the existence of a fiduciary relationship between the parties, (2) a breach of that fiduciary duty, (3) causation, and (4) harm. *Id.* (citing *Koger v. Hartford Life Ins. Co.*, 28 S.W.3d 405, 411 (Mo. Ct. App. 2000)). Since the Missouri Court of Appeals' decision in *Craig v. Iowa Kemper Mutual Insurance Company*, 565 S.W.2d 716 (Mo. Ct. App. 1978), Missouri courts have "consistently recognized [that] '[a]n insurer's right to control settlement and litigation under a liability insurance policy creates a fiduciary relationship between insurer and insured[]'" that can support a claim for breach of fiduciary duty. *Id.* at 573 (quoting *Freeman v. Leader Nat'l Ins. Co.*, 58 S.W.3d 590, 598 (Mo. Ct. App. 2001) (internal citations omitted)). Hosmer's Counterclaim alleges that pursuant to the Policy's terms, Sentry had the right to control settlement of claims against Hosmer and that a fiduciary relationship existed between Sentry and himself. Hosmer's Counterclaim further alleges that Sentry breached its fiduciary duty to him and that he was harmed as a result of that breach. Sentry argues that Count III should be dismissed because Missouri law does not "recognize

17

[a] cause[] of action based on 'negligent' claims handling." Count III is not a claim for negligence, but rather a claim for breach of fiduciary duty. Sentry has failed to demonstrate that Hosmer's Counterclaim fails to state a claim for breach of fiduciary duty; Sentry's motion must be denied as to Count III.

### E. Count IV - Hosmer's Breach of Contract Claim

Sentry argues that Hosmer' breach of contract claim fails as a matter of law because the full Policy limits were exhausted by the settlement in *Duckworth v. Burleson*. As discussed above with respect to Sentry's motion to dismiss Hosmer's claims in Count I related to the *Duckworth v. Hosmer* case, issues of the "reasonableness" and "good faith" of Sentry's settlement with CANDS, Inc., and Burleson in the *Duckworth v. Burleson* action are inappropriate for resolution on a motion to dismiss. Sentry's motion must be denied with respect to Count IV.

### F. Count V - Punitive Damages

Because Sentry does not discuss Hosmer's Count V for "Bad Faith-Punitive Damages" in its motion, the Court will not dismiss Count V.

## III. Conclusion

Accordingly, it is hereby

ORDERED that Sentry's Motion to Dismiss Hosmer's Counterclaim [Doc. # 42] is GRANTED as to Count II and Hosmer's claims in Count I related to Sentry's failure to defend Hosmer in *Duckworth v. Burleson*. It is DENIED in all other respects.

18

Case 2:08-cv-04254-NKL   Document 64   Filed 07/17/09   Page 18 of 19

    s/ Nanette K. Laughrey  
NANETTE K. LAUGHREY  
United States District Judge

Dated: July 17, 2009  
Jefferson City, Missouri.