IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| SENTRY SELECT INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 08-4254-CV-C-NKL |
| | ) |
| JAMES "STAN" HOSMER, JAMES | ) |
| DUCKWORTH AND NANCY DUCKWORTH, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff, Sentry Select Insurance Company ("Sentry"), by and through its attorneys, and for its Motion for Summary Judgment, filed pursuant to Rule 56 of the Federal Rules of Civil Procedure and Local Rule 56.1, states as follows:

*Pertinent Background*

1. This is a declaratory judgment action in which Sentry seeks a declaration by the Court that Sentry has no duty to defend or indemnify Defendant James "Stan" Hosmer ("Hosmer") in connection with a vehicle collision and underlying litigation brought by James and Nancy Duckworth (the "Duckworths") [see Doc. No. 1, ¶¶ 12, 23-30].

2. Hosmer was the owner of a vehicle involved in the collision, and supplied the vehicle and its driver to CANDS, Inc. ("CANDS") [see Doc. No. 50, ¶ 75; Doc. No. 103-2, ¶ 8].

3. In its operative complaint, Sentry alleges it has no duty to defend or indemnify Hosmer regarding the vehicle collision and underlying litigation because Sentry's policy of insurance at issue contains an applicable contractual liability exclusion [see Doc. No. 1, ¶ 30; Doc. No. 104-1, pp. 31 (§ B.2.) & 39 (§ H)].

4. This contractual liability exclusion precludes Hosmer from creating, conferring, or obtaining coverage by way of contract, which he in fact attempted to do [see Doc. No. 1, ¶ 24; Doc. No. 103-2, ¶ 12; Doc. No. 103-3, ¶ 6; Doc. No. 104-1, pp. 31 (§ B.2.) & 39 (§ H)].

5. Furthermore, as a matter of federal law, pursuant to the Graves Amendment, 49 U.S.C.A. § 30106, Hosmer cannot be held liable for injuries or damages resulting from the use or operation of a vehicle he owns and leases to another.

6. Hosmer has filed a counterclaim against Sentry alleging it acted in bad faith in its handling of litigation related to the vehicle collision [see Doc. No. 50, ¶¶ 69-121].

7. Hosmer's counterclaim presupposes Sentry's policy of insurance at issue requires it to defend or indemnify him in connection with the vehicle collision and underlying litigation [see Doc. No. 50, ¶¶ 71, 95].

8. Before Sentry filed this motion for summary judgment, Hosmer conducted significant discovery on his counterclaim, including taking approximately a dozen depositions of current and former Sentry personnel and obtaining claim files, other documents, and various information in discovery.

9. Regardless, if Sentry has no duty to defend or indemnify Hosmer regarding the vehicle collision and underlying litigation, or if under federal law he cannot be held liable for injuries or damages resulting from the collision, then his counterclaim is moot and Sentry is entitled to the declaratory judgment it seeks.

*Basis for Summary Judgment*

10. Sentry files separately herewith its suggestions in support, which includes a statement of uncontroverted material facts, pursuant to Local Rule 56.1.

2

11. All facts recited in Sentry's statement of uncontroverted material facts are beyond dispute as established by the documents referenced therein. There is no genuine issue of material fact, and Sentry is entitled to judgment as a matter of law.

12. Based on the uncontroverted material facts, this matter is appropriate for summary disposition and Sentry is entitled to judgment as a matter of law because (a) the contract purportedly creating and conferring coverage is subject to the contractual liability exclusion of Sentry's policy of insurance at issue; and (b) the Graves Amendment precludes Hosmer from being held liable for injuries or damages resulting from the collision.

13. For the reasons stated herein and in its suggestions in support, Sentry requests that the Court grant this motion for summary judgment, enter judgment in favor of Sentry and against defendants, and award Sentry its costs.

WHEREFORE, for the reasons stated herein and in its suggestions in support, Plaintiff Sentry Select Insurance Company requests that the Court grant this motion for summary judgment, enter judgment in favor of Sentry and against Defendants James "Stan" Hosmer, James Duckworth, and Nancy Duckworth, award Sentry its costs, and grant such other and further relief that the Court deems proper.

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/Aaron D. French
John S. Sandberg, #22664
Stephen M. Strum, #37133
Aaron D. French, #50759
600 Washington Avenue – 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: jsandberg@sandbergphoenix.com
sstrum@sandbergphoenix.com
afrench@sandbergphoenix.com


COOK & FRANKE, S.C.
Jeffrey A. Evans (WSB #1059025)
660 East Mason Street
Milwaukee, WI 53202-3877
414-227-1253
414-271-2002 (fax)
E-mail: evans@cf-law.com

*Attorneys for Plaintiff/Counter-Defendant
Sentry Select Insurance Company*

### Certificate of Service

I hereby certify that on July 2, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Susan Ford Robertson
The Robertson Law Group, L.L.C.
1044 Main, Suite 500
Kansas City, MO 64105

Christian L. Faiella
Tatlow, Gump & Faiella, LLC
110 North Fifth Street
Moberly, MO 65270

Dana L. Frese, Esq.
Carson & Coil P.C.
P.O. Box 28
Jefferson City, Missouri 65102

*Attorneys for Defendants James Duckworth, Nancy Duckworth, and James "Stan" Hosmer*

*Attorneys for Defendant James "Stan" Hosmer*

/s/ Aaron D. French

4

2517997\2