IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| SENTRY SELECT INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 08-4254-CV-C-NKL |
| | ) | |
| JAMES "STAN" HOSMER, JAMES | ) | |
| DUCKWORTH AND NANCY DUCKWORTH, | ) | |
| | ) | |
| Defendants. | ) | |

## AMENDED ANSWER TO COUNTERCLAIMS
## OF JAMES "STAN" HOSMER

COMES NOW plaintiff/counter-defendant Sentry Select Insurance Company ("Sentry"),

by and through its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Amended

Answer to the Counterclaim of James "Stan" Hosmer ("Hosmer"), states as follows:

## COUNT I

69.     Admits that Sentry had in full force and effect a policy of insurance issued to

CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited

by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and

accordingly denies any inconsistent allegations in paragraph 69.

70.     Admits that Sentry had in full force and effect a policy of insurance issued to

CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited

by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and

accordingly denies any inconsistent allegations in paragraph 70.

71.     Admits that Sentry had in full force and effect a policy of insurance issued to

CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited

2496853\1

by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 71.

72. Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 72.

73. Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 73.

74. Admits.

75. Admits.

76. Admits.

77. Sentry lacks information upon which to admit or deny the allegations of paragraph 77, and therefore denies same.

78. Admits that Sentry was notified of the incident and that claims were being made against its insured CANDS, Inc. and Mark Burleson; the remaining allegations of paragraph 78 are denied.

79. Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 79.

2

80.     Admits that Sentry was notified of an offer to settle the claims against CANDS, Inc. and Mark Burleson, and denies any contrary allegations of paragraph 80.

81.     Denies.

82.     Admits.

83.     Admits.

84.     Admits.

85.     Paragraph 85 is a statement of law to which no response is required, but to the extent a response is required, the allegations of paragraph 85 are denied.

86.     Admits.

87.     Admits.

88.     Admits.

89.     Admits that Sentry was notified of the suit by the Duckworths against Hosmer and further admits that the allegations of the lawsuit by the Duckworths against Hosmer speak for themselves as to the nature of the claim against Hosmer and accordingly, denies any allegations to the contrary in paragraph 89.

90.     Admits.

91.     Admits that Sentry determined that the policy does not provide coverage for Hosmer for the reasons stated to Hosmer and denies the remaining allegations of paragraph 91.

92.     Admits.

93.     Admits.

94.     Admits.

95.     Denies.

96.     Denies.

3

97.    Denies.

98.    Denies paragraph 98 in its entirety, including subparagraphs a through *l*.

99.    Denies paragraph 99 in its entirety, including subparagraphs a through c.

## COUNT II – NEGLIGENT CLAIMS HANDLING

This count has been stricken and accordingly, Sentry does not have an obligation to respond to paragraphs 100 through 104, inclusive.

## COUNT III – BREACH OF FIDUCIARY DUTY

105.    Sentry realleges and incorporates by reference its answers to paragraphs 69 through 99, as set forth above.

106.    Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 106.

107.    Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 107.

108.    Denies the allegations of paragraph 108 and each subparagraph, including a through j, inclusive.

109.    Denies the allegations of paragraph 109 and each subparagraph, including a through c, inclusive.

## COUNT IV – BREACH OF CONTRACT

110.    Sentry realleges and incorporates by reference its answers to paragraphs 69 through 109, as set forth above.

2496853\1

111.    Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 111.

112.    Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 112.

113.    Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 113.

114.    Admits that Sentry had in full force and effect a policy of insurance issued to CANDS, Inc., Policy No. CT750612-041, and further asserts that Sentry's obligations are limited by the terms, conditions, and provisions of its policy and the coverage afforded thereunder, and accordingly denies any inconsistent allegations in paragraph 114.

115.    Denies the allegations of paragraph 115, and each subparagraph thereunder, including a through b, inclusive.

116.    Denies the allegations of paragraph 116 and each subparagraph thereunder, including a through c, inclusive.

## <u>COUNT V – BAD FAITH – PUNITIVE DAMAGES</u>

117.    Sentry realleges and incorporates by reference its answers to paragraphs 69 through 116, as set forth above.

5

118.    Denies the allegations of paragraph 118 and each subparagraph thereunder, including a through h, inclusive.

119.    Denies

120.    Denies.

121.    Denies.

WHEREFORE, having fully answered the Counterclaim of James "Stan" Hosmer, plaintiff/counter-defendant Sentry Select Insurance Company Sentry requests that a judgment be entered in its favor, together with its costs incurred herein, and for such other and further relief that the Court deems proper.

## AFFIRMATIVE DEFENSES

122.    Sentry realleges and incorporates by reference the allegations contained in Sentry's Complaint for Declaratory Judgment previously filed herein.

123.    As and for an affirmative defense, the Policy that is subject of this litigation is limited by the terms, conditions, and provisions contained therein and the coverage afforded thereunder.  The Policy contains an exclusion for liability assumed by contract (the "Contractual Liability Exclusion"), as follows:

B.    Exclusions

This insurance does not apply to any of the following:

* * *

2.    Contractual

Liability assumed under any contract or agreement.  But this exclusion does not apply to liability for damages:

   i.    Assumed in a contract or agreement that is an "insured contract" provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement; or

6

ii.    That the "insured" would have had in the absence of the contract or agreement.

(see Truckers Coverage Form, Form CA 00 12 10 01, pp. 2, 4, 6, 12, attached as <u>Exhibit A</u> to Complaint (Document #1).

In pertinent part, the term "insured contract" is defined in the Policy as follows:

H.    "Insured Contract" means:

* * *

5.    That part of any other contract or agreement pertaining to your business … under which you assume the tort liability of another to pay for "bodily injury" or "property damage" to a third party or organization.  Tort liability means a liability that would be imposed by law in the absence of any contract or agreement;

6.    That part of any contract or agreement, entered into, as part of your business, pertaining to the rental or lease, by you or any of your "employees", or any "auto".  However, such contract or agreement shall not be considered an "insured contract" to the extent that it obligates you or any of your "employees" to pay for "property damage" to any "auto" rented or leased by you or any of your "employees".

An "insured contract" does not include that part of any contract or agreement:

* * *

b.    That pertains to the loan, lease or rental of an "auto" to you or any of your "employees", if the "auto" is loaned, leased or rented with a driver; or

c.    That holds a person or organization engaged in the business of transporting property by "auto" for hire harmless for your use of a covered "auto" over a route or territory that person or organization is authorized to serve by public authority.

(see Truckers Coverage Form, Form CA 00 12 10 01, pp. 2, 4, 6, 12, attached as <u>Exhibit A</u> to

Complaint (Document #1).

The indemnification agreement upon which Hosmer bases his Counterclaim is not an

"insured contract" under the Policy, and therefore the Contractual Liability Exclusion applies

7

and bars coverage. Hosmer is purportedly liable to the Duckworths on the basis of the lease agreement between Hosmer and CANDS, which "pertains to the loan, lease or rental of an 'auto' to [CANDS]" and "is loaned, leased or rented with a driver [i.e., Burleson]" (quoting subsection (b) of Section H above). In particular, that lease in pertinent part provides as follows:

1.      PROVISION OF SERVICES AND EQUIPMENT: During the time period set forth in Paragraph 2, [Hosmer] shall provide [CANDS] transportation related services and equipment set forth below …

* * *

5.      [HOSMER'S] RESPONSIBILITIES

1.      [Hosmer] shall provide competent drivers who meet all of the requirements of the U.S. Department of Transportation …

(see Document #103-2, Exhibit A thereto, ¶¶ 1, 5.a.I.). Therefore, subsection (b) of Section H above applies, and the first of the two exceptions to the Contractual Liability Exclusion (i.e., subsection 2.i. of Section B above) does not apply.

In addition, pursuant to the Graves Amendment, 49 U.S.C. § 30106, there is no "liability for damages … [t]hat the 'insured' would have had in the absence of the contract or agreement" (quoting subsection 2.ii. of Section B above), and no "[t]ort liability … that would be imposed by law in the absence of any contract or agreement" (quoting subsection 5 of Section H above). Under the Graves Amendment, as the owner of the leased vehicle, Hosmer "shall not be liable under the law of any State or political subdivision thereof" (quoting subsection (a) of the statute). Therefore, the second of the two exceptions to the Contractual Liability Exclusion (i.e., subsection 2.ii. of Section B above) also does not apply. The Graves Amendment applies to the action against Hosmer in that it was filed after the effective date of the Act.

124.    As and for a further affirmative defense, the settlement agreement between the Duckworths and Hosmer and the judgment entered against Hosmer are unenforceable,

unreasonable, and based on collusion.  When entering into any agreements with the Duckworths, Hosmer had no liability under the Graves Amendment, 49 U.S.C. § 30106, as described above, and was not a tortfeasor against whom a valid claim could have been made.  Sentry entered into a settlement agreement with the Duckworths in good faith for the purpose of settling the Duckworths' claims, paid its full policy limits, and satisfied its obligations under the Policy.  If the Duckworths believed they had a cause of action against Hosmer (which they did not, due to the Graves Amendment), they could have but did not attempt to bring one against him when pursuing their claims against CANDS and Burleson.  The pursuit of an additional claim against Hosmer (and subsequent collusion with him) after the settlement with Sentry—for the purpose of ultimately obtaining further relief from Sentry, notwithstanding the settlement reached between the Duckworths and Sentry—renders the settlement agreement between the Duckworths and Hosmer and the judgment entered against Hosmer unenforceable, unreasonable, and based on collusion.

WHEREFORE, having fully answered and stated its affirmative defenses to the Counterclaim of James "Stan" Hosmer, plaintiff/counter-defendant Sentry Select Insurance Company Sentry requests that a judgment be entered in its favor, together with its costs incurred herein, and for such other and further relief that the Court deems proper.

SANDBERG PHOENIX & von GONTARD P.C.

By:     /s/Aaron D. French
        John S. Sandberg, #22664
        Stephen M. Strum, #37133
        Aaron D. French, #50759
        600 Washington Avenue – 15th Floor
        St. Louis, MO 63101-1313

9

314-231-3332
314-241-7604 (Fax)
E-mail: jsandberg@sandbergphoenix.com
        sstrum@sandbergphoenix.com
        afrench@sandbergphoenix.com


COOK & FRANKE, S.C.
Jeffrey A. Evans (WSB #1059025)
660 East Mason Street
Milwaukee, WI 53202-3877
414-227-1253
414-271-2002 (fax)
E-mail: evans@cf-law.com

*Attorneys for Plaintiff/Counter-Defendant*
*Sentry Select Insurance Company*

## Certificate of Service

I hereby certify that on August 4, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to the following:

Susan Ford Robertson
The Robertson Law Group, L.L.C.
1044 Main, Suite 500
Kansas City, MO 64105

Dana L. Frese, Esq.
Carson & Coil P.C.
P.O. Box 28
Jefferson City, Missouri 65102
***Attorneys for Defendant James "Stan" Hosmer***

Christian L. Faiella
Tatlow, Gump & Faiella, LLC
110 North Fifth Street
Moberly, MO 65270
***Attorneys for Defendants James Duckworth, Nancy Duckworth, and James "Stan" Hosmer***

/s/ Aaron D. French

10

2496853\1